# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:10-CR-12-2-JRG-RSP |
| | § | |
| SCOTT RANDALL TERRY | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On January 25, 3018, the undersigned held a final hearing on the Government's petition (#78) to revoke supervised release. The Government was represented by Assistant United States Attorney Jonathan Ross. The Defendant, Scott Randall Terry, was represented by Ken Hawk.

Scott Randall Terry was sentenced on May 18, 2011, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of V, was 57 to 71 months. Scott Randall Terry was subsequently sentenced to 71 months imprisonment and three years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; not incur new credit charges or open additional lines of credit without approval of the probation officer; not participate in any form of gambling unless financial obligation paid in full; drug testing and treatment; obtain GED; $2000 fine; and, $100 special assessment. On December 22, 2015, Scott Terry Randall completed his period of imprisonment and began service of the supervision term.

On September 13, 2017, this petition to revoke was filed. In its petition, the Government

alleges the Defendant violated the following conditions:

1) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: On March 21, 2016, Mr. Terry provided a urine specimen which tested positive for synthetic marijuana (K2). On May 31, 2016, Mr. Terry provided a urine specimen which tested positive for THC (marijuana). On September 14, 2016, Mr. Terry provided a urine specimen which tested positive for methamphetamine & amphetamine. On October 4, 2016, Mr. Terry provided a urine specimen which tested positive for methamphetamine & amphetamine. On April 20, 2017, Mr. Terry provided a urine specimen which tested positive for methamphetamine & amphetamine. On August 24, 2017, Mr. Terry provide a urine specimen which tested positive for methamphetamine.

2) <u>Standard</u>: The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. Specifically, the Government alleges that in August 2017, the U.S. Probation Office learned that Mr. Terry had been associating with Kalin Brister, a convicted felon, without the permission of his probation officer.

3) <u>Special</u>: Scott Randall Terry shall enter a residential drug treatment center as directed by the probation office. The defendant shall participate in treatment services and successfully complete the treatment program. He shall abide by the rules and regulations of the treatment center and remain there for no longer than 30 days. Specifically, the Government alleges as follows: Mr. Terry failed to follow through with his residential drug treatment referral by failing

to call the residential drug treatment center as directed to secure a placement date. He was required to call the treatment center Monday through Friday for updates as to his spot on the waiting list, but he failed to do so.

4) <u>Special</u>: The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release. Specifically, the Government alleges as follows: Mr. Terry failed to pay toward the court-ordered $2000 fine and $100 special assessment at the rate of at least 10% of his gross income for the months of October 2016 and November 2016, and February 2017 through August 2017.

The Court scheduled a revocation hearing for January 25, 2018. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #1 as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 18 months, with no supervised release to follow such term of imprisonment. The defendant shall receive credit for time served. The Court recommended service of sentence at FCI Memphis. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to allegation #1, it is further recommended that the Court find that the Defendant violated the conditions of his

supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months, with no supervised release to follow such term of imprisonment.

At the close of the January 25, 2018 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 26th day of January, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE